UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTHONY MALACOW, | : | Civil Action Number:_____ |
| Plaintiff, | : | |
| v. | : | |
| CORRECTIONS OFFICER THOMPSON, | : | **COMPLAINT** |
| CORRECTIONS OFFICER SAHMS, | : | |
| and MARCUS HICKS, | : | |
| Defendants | : | |
| | | Jury Trial Demanded |

1.   This is a civil-action complaint brought forth by Anthony Malacow, who resides at 28 Allen Street, Windosor Connecticut, 06095.

2.   Plaintiff asserts jurisdiction pursuant to 42 U.S.C. 1983 and pendant or supplemental jurisdiction under the New Jersey Tort Claims Act.

3.   Plaintiff seeks preliminary, final, and prospective injunctive relief, Temporary

1

Restraining Orders, punitive damages, compensatory damages, nominal damages, and preliminary and final declaratory judgments as explained in this complaint.

4.      Plaintiff ANTHONY MALACOW is filing this complaint in response to an incident that occurred on August 28, 2019 while he was incarcerated at South Woods State Prison, and in response to subsequent events that are described in this complaint.

5.      Defendant Number One is Corrections Officer Thompson, whose official position is Corrections Officer for the New Jersey Department of Corrections.  Defendant Number One acted under color of state law to deprive Plaintiff of his constitutional rights by filing false charges against plaintiff and causing Plaintiff to be retaliated against, as described in this complaint.  Defendant Number One is being sued in her official capacity and her individual capacity for having acted under color of state law and with malicious intent as described in Count One of this complaint, and to ensure that Plaintiff was retaliated against as described in Count Two of this complaint.

6.      Defendant Number One is Corrections Officer SAHMS, whose official position is New Jersey Corrections Officer.  Defendant Number Two acted under color of state law to deprive Plaintiff of his constitutional rights as described in this complaint.  Defendant Number Two is being sued in his official capacity and his individual capacity for having acted under color of state law and with malicious intent to assault Plaintiff as a constitutional violation in and of itself as described in Count One of this complaint,

7.      Defendant Number Three is Marcus Hicks, whose official position is Commissioner of the New Jersey Department of Corrections.  Defendant Number Three acted under color of state law to deprive Plaintiff of his constitutional rights as described in this complaint.

2

Defendant Number Three is being sued in his official and individual capacity for having acted under color of state law and with malicious intent to be deliberately indifferent to the actions listed herein, as described in Count Three of this complaint.

8. Paragraphs one through seven are implied as if set forth in full throughout this complaint

9. **Exhaustion of Remedies.** Plaintiff declares under penalty of perjury that he has exhausted all administrative remedies for the issues listed in this complaint, through the use of paper and electronic inquiries, grievances, grievance appeals, final reviews, appeals to the Division of Operations and the Commissioner of the Department of Corrections, Tort notices for state claims, and all other attempts at having the matters listed in this complaint remedied at the administrative level.

## COUNT ONE

**DEFENDANT NUMBER ONE LODGED FALSE CHARGES AGAINST PLAINTIFF, WHICH RESULTED IN PLAINTIFF BEING ASSAULTED AND HAVING TO SPEND TIME IN ADMINISTRATIVE SEGREGATION.**

10. On August 28th, 2019, Plaintiff was incarcerated at South Woods State Prison, where he asked Officer Thompson for a spoon so he could eat his breakfast. Defendant Thompson asked Plaintiff "why are you being mean," and then used foul language to tell him to "get away from my desk." Plaintiff called her crazy, and she responded by saying "Oh, I'm crazy? I'm going to show you crazy. I'm going to lock you the f**k up." Plaintiff walked away and asked other prisoners if they had a spoon. Suddenly, a code was called and Plaintiff was handcuffed and shackled, and then taken to a disciplinary housing unit. When placing Plaintiff in the disciplinary cell, Defendant Sahms said "This is what happens when you threaten officers" and then put his forearm on the back of Plaintiff's neck and rammed Plaintiff face first into the wall, all while Plaintiff was still handcuffed and shackled and consequently unable to protect himself. This resulted in Plaintiff having a broken nose, split lips, and a wound that required several stitches in his forehead. The video footage showed that Plaintiff had not acted aggressively in any way, but he was nevertheless found guilty of having threatened Defendant Thompson.

11.     As a result of Defendant Thompson's false charges, Plaintiff had to suffer through administrative segregation and the retaliatory actions of Defendant Sahms.

12.     Due to Defendant Sahms' assault, Plaintiff suffered from the injuries to his face and has permanent scars that alter his appearance in an obvious negative manner. Plaintiff also has difficulty breathing out of his nose and blurred vision, and he suffers from mental anguish, short-term memory loss, memory lapses, migraine headaches, nightmares, problems sleeping, paranoia, and anxiety.

## COUNT TWO

### DEFENDANTS TWO RETALIATED AGAINST PLAINTIFF

13. On August 28, 2019, Plaintiff was incarcerated in South Woods State Prison, where he was subjected to false charges and subsequently handcuffed and shackled and then taken to a disciplinary housing unit. While he was placing Plaintiff in the disciplinary cell, Defendant Sahms stated "This is what happens when you threaten officers" and then proceeded to put his forearm on the back of Plaintiff's neck and ram Plaintiff face first into the wall, all while Plaintiff was still handcuffed and shackled and therefore unable to protect himself This resulted in Plaintiff having a broken nose, split lips, and a wound that required several stitches in his forehead. It also resulted in Plaintiff having perm

14. Defendant Sahms' assault resulted in Plaintiff suffering from the aforementioned injuries to his face and permanent scars that alter his appearance in an obvious negative manner. Plaintiff now has difficulty breathing out of his nose and blurred vision, and he suffers from mental anguish, short-term memory loss, memory lapses, migraine headaches, nightmares, problems sleeping, paranoia, and anxiety.

**COUNT THREE**

**DEFENDANT THREE WAS DELIBERATELY INDIFFERENT TO VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS AND REFUSED TO INTERVENE TO END PLAINTIFF'S PUNISHMENT.**

15. Defendant Marcus Hicks is the Commissioner of the New Jersey Department of Corrections. He has been aware of the ongoing false charges and assaultive and retaliatory activities of his corrections officers for a long time, but has been deliberately indifferent and has done nothing to punish such behavior and to otherwise thwart such actions through proper training. His omissions have resulted in continued false allegations, assaults, and retaliatory measures by the officers under his control.

16. Defendant Hicks was also deliberately indifferent to the punishments Plaintiff had to serve for the false allegations that had been lodged against him.

17. Defendant Hicks had direct knowledge of the actions of his officers and direct knowledge of the ongoing punishment and consequences of the false charges lodged against Plaintiff, but he was deliberately indifferent.

18. Plaintiff demands a jury trial.

19. Plaintiff seeks all available relief possible for a jury to award in this case.

I hereby certify that the foregoing claims are not the subject of any pending controversy. I further certify that the foregoing statements made by me are true and correct. I understand that I am subject to punishment if any of the foregoing statements are willfully sworn false.

Dated: 8-24-20

Anthony Malacow, Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTHONY MALACOW, | : | Civil Action Number:_____ |
| Plaintiff, | : | |
| v. | : | |
| CORRECTIONS OFFICER THOMPSON, | : | **COMPLAINT** |
| CORRECTIONS OFFICER SAHMS, | : | |
| and MARCUS HICKS, | : | |
| Defendants | : | |
| | | Jury Trial Demanded |

1.  This is a civil-action complaint brought forth by Anthony Malacow, who resides at 28 Allen Street, Windosor Connecticut, 06095.

2.  Plaintiff asserts jurisdiction pursuant to 42 U.S.C. 1983 and pendant or supplemental jurisdiction under the New Jersey Tort Claims Act.

3.  Plaintiff seeks preliminary, final, and prospective injunctive relief, Temporary

1

Restraining Orders, punitive damages, compensatory damages, nominal damages, and preliminary and final declaratory judgments as explained in this complaint.

4. Plaintiff ANTHONY MALACOW is filing this complaint in response to an incident that occurred on August 28, 2019 while he was incarcerated at South Woods State Prison, and in response to subsequent events that are described in this complaint.

5. Defendant Number One is Corrections Officer Thompson, whose official position is Corrections Officer for the New Jersey Department of Corrections. Defendant Number One acted under color of state law to deprive Plaintiff of his constitutional rights by filing false charges against plaintiff and causing Plaintiff to be retaliated against, as described in this complaint. Defendant Number One is being sued in her official capacity and her individual capacity for having acted under color of state law and with malicious intent as described in Count One of this complaint, and to ensure that Plaintiff was retaliated against as described in Count Two of this complaint.

6. Defendant Number One is Corrections Officer SAHMS, whose official position is New Jersey Corrections Officer. Defendant Number Two acted under color of state law to deprive Plaintiff of his constitutional rights as described in this complaint. Defendant Number Two is being sued in his official capacity and his individual capacity for having acted under color of state law and with malicious intent to assault Plaintiff as a constitutional violation in and of itself as described in Count One of this complaint,

7. Defendant Number Three is Marcus Hicks, whose official position is Commissioner of the New Jersey Department of Corrections. Defendant Number Three acted under color of state law to deprive Plaintiff of his constitutional rights as described in this complaint.

Defendant Number Three is being sued in his official and individual capacity for having acted under color of state law and with malicious intent to be deliberately indifferent to the actions listed herein, as described in Count Three of this complaint.

8.      Paragraphs one through seven are implied as if set forth in full throughout this complaint

9.      **Exhaustion of Remedies.**  Plaintiff declares under penalty of perjury that he has exhausted all administrative remedies for the issues listed in this complaint, through the use of paper and electronic inquiries, grievances, grievance appeals, final reviews, appeals to the Division of Operations and the Commissioner of the Department of Corrections, Tort notices for state claims, and all other attempts at having the matters listed in this complaint remedied at the administrative level.

**COUNT ONE**

**DEFENDANT NUMBER ONE LODGED FALSE CHARGES AGAINST PLAINTIFF, WHICH RESULTED IN PLAINTIFF BEING ASSAULTED AND HAVING TO SPEND TIME IN ADMINISTRATIVE SEGREGATION.**

10. On August 28th, 2019, Plaintiff was incarcerated at South Woods State Prison, where he asked Officer Thompson for a spoon so he could eat his breakfast. Defendant Thompson asked Plaintiff "why are you being mean," and then used foul language to tell him to "get away from my desk." Plaintiff called her crazy, and she responded by saying "Oh, I'm crazy? I'm going to show you crazy. I'm going to lock you the f**k up." Plaintiff walked away and asked other prisoners if they had a spoon. Suddenly, a code was called and Plaintiff was handcuffed and shackled, and then taken to a disciplinary housing unit. When placing Plaintiff in the disciplinary cell, Defendant Sahms said "This is what happens when you threaten officers" and then put his forearm on the back of Plaintiff's neck and rammed Plaintiff face first into the wall, all while Plaintiff was still handcuffed and shackled and consequently unable to protect himself. This resulted in Plaintiff having a broken nose, split lips, and a wound that required several stitches in his forehead. The video footage showed that Plaintiff had not acted aggressively in any way, but he was nevertheless found guilty of having threatened Defendant Thompson.

4

11. As a result of Defendant Thompson's false charges, Plaintiff had to suffer through administrative segregation and the retaliatory actions of Defendant Sahms.

12. Due to Defendant Sahms' assault, Plaintiff suffered from the injuries to his face and has permanent scars that alter his appearance in an obvious negative manner. Plaintiff also has difficulty breathing out of his nose and blurred vision, and he suffers from mental anguish, short-term memory loss, memory lapses, migraine headaches, nightmares, problems sleeping, paranoia, and anxiety.

## COUNT TWO

### DEFENDANTS TWO RETALIATED AGAINST PLAINTIFF

13.     On August 28, 2019, Plaintiff was incarcerated in South Woods State Prison, where he was subjected to false charges and subsequently handcuffed and shackled, and then taken to a disciplinary housing unit.  While he was placing Plaintiff in the disciplinary cell, Defendant Sahms stated "This is what happens when you threaten officers" and then proceeded to put his forearm on the back of Plaintiff's neck and ram Plaintiff face first into the wall, all while Plaintiff was still handcuffed and shackled and therefore unable to protect himself.  This resulted in Plaintiff having a broken nose, split lips, and a wound that required several stitches in his forehead.  It also resulted in Plaintiff having perm

14.     Defendant Sahms' assault resulted in Plaintiff suffering from the aforementioned injuries to his face and permanent scars that alter his appearance in an obvious negative manner.  Plaintiff now has difficulty breathing out of his nose and blurred vision, and he suffers from mental anguish, short-term memory loss, memory lapses, migraine headaches, nightmares, problems sleeping, paranoia, and anxiety.

6

## COUNT THREE

**DEFENDANT THREE WAS DELIBERATELY INDIFFERENT TO VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS AND REFUSED TO INTERVENE TO END PLAINTIFF'S PUNISHMENT.**

15. Defendant Marcus Hicks is the Commissioner of the New Jersey Department of Corrections. He has been aware of the ongoing false charges and assaultive and retaliatory activities of his corrections officers for a long time, but has been deliberately indifferent and has done nothing to punish such behavior and to otherwise thwart such actions through proper training. His omissions have resulted in continued false allegations, assaults, and retaliatory measures by the officers under his control.

16. Defendant Hicks was also deliberately indifferent to the punishment Plaintiff had to serve for the false allegations that had been lodged against him.

17. Defendant Hicks had direct knowledge of the actions of his officers and direct knowledge of the ongoing punishment and consequences of the false charges lodged against Plaintiff, but he was deliberately indifferent.

18. Plaintiff demands a jury trial.

19. Plaintiff seeks all available relief possible for a jury to award in this case.

I hereby certify that the foregoing claims are not the subject of any pending controversy. I further certify that the foregoing statements made by me are true and correct. I understand that I am subject to punishment if any of the foregoing statements are willfully sworn false.

Dated: 8-24-20

Anthony Malacow, Plaintiff

8