<u>NOT FOR PUBLICATION</u>

```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
                       CAMDEN VICINAGE
```

| | |
|---|---|
| ANTHONY MALACOW, | |
| Plaintiff | CIV. NO. 20-11742 (RMB-AMD) |
| v. | **OPINION** |
| CORRECTIONS OFFICER THOMPSON, CORRECTIONS OFFICER SAHMS, and MARCUS HICKS, | |
| Defendants | |

BUMB, DISTRICT JUDGE

Plaintiff Anthony Malacow, a former prisoner at South Woods State Prison in Bridgeton, New Jersey, filed this civil rights action *pro se* on August 27, 2020. (Compl., Dkt. No. 1.) Plaintiff has submitted an application which establishes his financial eligibility to proceed without payment of the filing fee. ("IFP application," Dkt. No. 3.)

I.   *Sua Sponte* Dismissal

When a person is permitted to proceed without payment of the filing fee for a civil action, 28 U.S.C. §§ 1915(e)(2)(B) requires courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If

2

a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.    The Complaint

For the purpose of screening the complaint under 28 U.S.C. § 1915, the Court accepts Plaintiff's allegations as true. Plaintiff asserts jurisdiction under 42 U.S.C. § 1983 and the New Jersey Tort Claims Act, N.J. Stat. Ann. 59:1-1 *et seq*. Plaintiff alleges that on August 28, 2019, at South Woods State Prison in New Jersey, Plaintiff asked Corrections Officer Thompson ("Thompson") for a spoon for his breakfast, and Thompson responded by swearing at him and telling him to get away from her. (Compl. ¶¶1-14, Dkt. No. 1.) Plaintiff called Thompson crazy, which caused her to call a code and charge Plaintiff with a disciplinary violation. Plaintiff was shackled and taken to the disciplinary unit. When Corrections Officer Sahms ("Sahms") placed Plaintiff in a cell in the disciplinary unit, Sahms slammed Plaintiff's face into the wall, telling him that this is what happens when you threaten officers. Plaintiff was found guilty of threatening an officer, but he alleges the charge was false. In Count One, Plaintiff alleges Thompson brought a false charge against him,

3

which caused Plaintiff to spend time in administrative segregation and caused Sahms to assault him. In Count Two, Plaintiff alleges that Sahms retaliated against and assaulted him, based on Thompson's false charge. In Count Three, Plaintiff alleges that Marcus Hicks, Commissioner of the New Jersey Department of Corrections, was deliberately indifferent to the false charge, retaliation, and excessive force used on Plaintiff. Plaintiff seeks damages and declaratory and injunctive relief. Plaintiff brings his claims against defendants in their individual and official capacities.

   B.   Section 1983 Claims

   42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins,

4

487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

    1.   *Section 1983 Official Capacity Claims*

A plaintiff may bring claims for prospective injunctive relief against state actors in their official capacities under 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 89-90 (1989) ("although prospective relief awarded against a state officer also implicates Eleventh Amendment concerns, the interests in end[ing] a continuing violation of federal law outweigh the interests in state sovereignty and justify an award under § 1983 of an injunction that operates against the State's officers or even directly against the State itself") (internal quotations and additional citations omitted). Here, Plaintiff has not alleged what prospective injunctive relief he seeks. Given that Plaintiff is no longer a prisoner in New Jersey, it is not clear that any prospective injunctive relief is available. Therefore, the Court will dismiss the claims against defendants in their official capacities without prejudice.

    2.   *Fourteenth Amendment Due Process Claim*

Plaintiff alleges Thompson violated his constitutional rights by filing a false disciplinary charge against him, resulting in his placement in administrative segregation. Plaintiff also seeks to hold NJDOC Commissioner Marcus Hicks liable for Thompson's

5

conduct by failing to properly train Thompson. The Court construes these claims as violation of Plaintiff's right to liberty under the Fourteenth Amendment.

A prisoner is deprived of a legally cognizable liberty interest when "the prison 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Jones v. Davidson, 666 F. App'x 143, 147 (3d Cir. 2016) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). The Third Circuit has held that imposition of disciplinary segregation for as long as fifteen months does not impose an atypical and significant hardship in relation to the ordinary incidents of prison life. Id. (citing Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002) (holding seven months of disciplinary confinement did not implicate liberty interest); Torres v. Fauver, 292 F.3d 141, 151–52 (3d Cir. 2002) (holding disciplinary detention for fifteen days and administrative segregation for 120 days did not implicate liberty interest); Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (holding administrative detention for fifteen months did not implicate liberty interest)). Plaintiff has not alleged sufficient facts to establish that he was deprived of a protected liberty interest by his placement in administrative segregation. The Court will dismiss this claim against both Thompson and NJDOC Commissioner Marcus Hicks without prejudice. See Allen v. Eckard,

6

804 F. App'x 123, 127 (3d Cir. 2020) (supervisory liability under 42 U.S.C. § 1983 requires "a showing that there was an actual constitutional violation at the hands of subordinates.") (quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010); see also Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (describing the four-part test for supervisory liability)).

    3.   *Retaliation Claims*

"In order to establish illegal retaliation for engaging in protected conduct," a plaintiff must allege that: "(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor" in the adverse action. Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016). Plaintiff alleges that Sahms assaulted him because Thompson accused Plaintiff of threatening her, but Plaintiff denies making a threat. Plaintiff has not alleged that he engaged in constitutionally protected conduct that subjected him to adverse action by Thompson or Sahms. Therefore, the Court will dismiss the retaliation claims against Thompson, Sahms, and Hicks without prejudice.

    4.   *Excessive Force Claim*

"[T]he pivotal inquiry in reviewing an inmate's § 1983 claim for excessive force is 'whether force was applied in a good-faith

7

effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Ricks v. Shover, 891 F.3d 468, 480 (3d Cir. 2018), (quoting Smith v. Mensinger, 293 F.3d 641, 649 (3d Cir. 2002) (quoting Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000)). Factors relevant to the officer's intent include

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response.

Ricks, 891 F.3d at 480 (quoting Smith, 293 F.3d at 649 (3d Cir. 2002) (quoting Brooks, 204 F.3d at 106)).

Plaintiff alleges Sahms slammed his face into a wall while Plaintiff was shackled and not acting aggressively, and that Sahms did so because he believed Plaintiff had threatened another officer. Plaintiff's nose was broken, he required stitches to his forehead, and he suffers continuing pain and disfigurement as a result. The allegations are sufficient to state an Eighth Amendment excessive force claim against Sahms.

Plaintiff also seeks to hold NJDOC Commissioner Marcus Hicks liable for Sahms' alleged use of excessive force. Plaintiff alleges in a conclusory fashion that Hicks was generally aware of corrections officers making false disciplinary charges and

8

engaging in acts of retaliation and excessive force. Plaintiff further alleges Hicks was deliberately indifferent to these constitutional violations by failing to punish such behavior or prevent such behavior with proper training.

To set forth a claim for supervisory liability under § 1983, an inmate must

> (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure.

Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 227 (3d Cir. 2015) (quoting Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001) (citation omitted)). To state a failure-to-train claim, the plaintiff must ordinarily allege a pattern of similar violations that would "establish that the 'policy of inaction' [was] the functional equivalent of a decision by the [supervisor] to violate the Constitution." Connick v. Thompson, 563 U.S. 51, 72 (2011) (citation omitted). It is insufficient to allege a pattern or practice of similar constitutional violations in a conclusory fashion, Plaintiff must allege actual instances of similar

9

violations. See Brown v. Muhlenburg, 269 F.3d 205, 217 (3d Cir. 2001) (dismissing Section 1983 supervisory liability claim where there was "no evidence that [the police chief] had knowledge of any prior excessive use of force … by [the officer].") The Court will dismiss the Eighth Amendment claim against Hicks without prejudice.

    C.    New Jersey Tort Claims

Plaintiff seeks to bring each of his claims under the New Jersey Tort Claims Act ("TCA"), N.J. Stat. Ann. 59:1-1 *et seq*. Prior to bringing a personal injury claim against public employees under the TCA, a plaintiff must file a notice of claim not later than the 90th day after accrual of the cause of action. N.J. Stat. Ann. § 59:8-8 (West). § 59:8-3 and 59:8-8. A plaintiff is "forever barred from recovering against a public entity or public employee if he "failed to file the claim with the public entity within 90 days of accrual of the claim except as otherwise provided in N.J.S. 59:8-9[.]" N.J. Stat. Ann. § 59:8-8. The claim must be filed "with (1) the Attorney General or (2) the department or agency involved in the alleged wrongful act or omission." N.J. Stat. Ann. 59:8-7. "A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act, may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim provided

that the public entity or the public employee has not been substantially prejudiced thereby." N.J. Stat. Ann. § 59:8-9.

Based on the allegations in the complaint, Plaintiff's claims accrued on August 26, 2019. Plaintiff has not alleged that he timely satisfied the notice of claim requirement of the TCA. Therefore, the Court will dismiss Plaintiff's state tort claims without prejudice. See Melber v. United States, 527 F. App'x 183, 186 n. 2 (3d Cir. 2013) (noting the New Jersey Superior Court Appellate Division has suggested the TCA claim notice requirement is jurisdictional) (citing State v. J.R.S., 939 A.2d 226, 229 (N.J. Super. Ct. App. Div. 2008).

III. CONCLUSION

The Court will grant Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915, and his Eighth Amendment excessive force claim under 42 U.S.C. § 1983 may proceed against Officer Sahms. The remainder of the claims are dismissed without prejudice.

DATE:   December 29, 2020

           s/Renée Marie Bumb
           **RENÉE MARIE BUMB**
           **United States District Judge**

11